UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stephen J. Guidetti, | ) | C/A No. 6:11-cv-861-HMH-JDA |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Governor Nikki Haley; | ) | RECOMMENDATION |
| Attorney General Alan Wilson; | ) | |
| Director of Department of Corrections William R Byars; | ) | |
| Director Department of Motor Vehicles Marcia Adams; | ) | |
| Sheriff Greenville County Steve Loftis; | ) | |
| Sheriff Deputy NFN Donahue, Sgt Badge C-4, Troop 4, *828; and Sheriff Deputy Alex R Payne, | ) | |
| Defendants. | ) | |

The plaintiff, Stephen J. Guidetti ("Plaintiff"), a self-represented litigant (*pro se*), brings this action pursuant to 42 U.S.C. § 1983.[1] He files this action without prepayment of the filing fee, *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Plaintiff appears to claim that various federal statutes and regulations should be applied to exempt Plaintiff from state motor vehicle laws. He also claims violation of the U. S. Constitution, Article VI, specifically the Supremacy Clause and the Oath of Office, by the Defendants. ECF No. 1 at 3. Thus, Plaintiff's claims of illegal arrest, detention and imprisonment apparently arise in reference to the application of State motor vehicle laws to Plaintiff, which he claims are not applicable to him. Plaintiff seeks monetary damages, as well as specific injunctive relief and declaratory relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the assigned Magistrate Judge is automatically assigned and authorized to review such complaints and submit findings and recommendations to the District Judge.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th

Cir. 1985). Even under the liberal construction standard, the *pro se* complaint in this case is subject to summary dismissal.

## **Background**

The complaint names as Defendants the Governor, S.C. Attorney General, two Department Directors, the Greenville County Sheriff, and two deputy sheriffs. The complaint contains very few factual allegations, so it is not clear how these Defendants may have violated Plaintiff's federal rights. Plaintiff claims the Defendants "misrepresent the implementation of [S. C. Code] Title 56 of the Motor Vehicle Code specifically 'Certificate of Title,' 'Motor Vehicle Registration,' 'Motor Vehicle Drivers License' and 'Motor Vehicle Insurance contracts' willfully, recklessly, intentionally or by reason of negligence have disregarded and continue to disregard provisions" of Titles 4, 18, and 49 of the United States Code, Title 49 of the Code of Federal Regulations, and Article 9 of the Uniform Commercial Code. ECF No. 1 at 3. The complaint also claims "disregard" of the "National Constitution, Article VI, Paragraph 2," the Supremacy Clause, and "National Constitution, Article VI, Paragraph 3," Oath of Office. *Id*. The Statement of Facts allege Plaintiff was "illegally detained," "arrested" and "imprisoned" for "exercising his God given right to Travel in his non commercial private automobile." *Id.* at 5. No facts concerning the actual actions of any Defendant(s) to detain, arrest or imprison Plaintiff are alleged in the complaint.

The statement of claims list twenty-one (21) counts, all conclusory statements such as "COUNT 1 Failure to protect Civil Rights." *Id*. at 7. The remaining claims are, verbatim:

    COUNT 2 Failure to protect Right to Unrestricted Travel.
    COUNT 3 Failure to protect Private Property.
    COUNT 4 Theft of Private Property.
    COUNT 5 Illegal Arrest.

3

>   COUNT 6 Illegal Search and Seizure, No Consent.
>   COUNT 7 Illegal Warrantless Search and Seizure.
>   COUNT 8 Illegal Detention.
>   COUNT 9 Illegal Imprisonment, Eleven and a half hours.
>   COUNT 10 Lost Wages Due to Illegal False Arrest.
>   COUNT 11 Loss of Employment, Greenville County Sheriff Department will not allow Plaintiff(s) the Right to Unrestricted Travel, Authorized by Law, as stated in USC, DFR and UCC.
>   COUNT 12 Forced into Court Under Duress, Coercion and Threat of Imprisonment.
>   COUNT 13 Failure to Disclose Material Facts in Relation to 'South Carolina Certificate of Title.'
>   COUNT 14 Failure to Disclose Material Facts in Relation to 'South Carolina Motor Vehicle Registration.'
>   COUNT 15 Failure to Disclose Material Facts in Relation to 'South Carolina Drivers License.'
>   COUNT 16 Misprision of a Felony.
>   COUNT 17 Misprision of Treason.
>   COUNT 18 Treason against the Constitution of the United States.
>   COUNT 19 Perjury of Oath of Office.
>   COUNT 20 No Miranda rights given to Plaintiff Stephen John Guidetti.
>   COUNT 21 Fraudulent application of South Carolina Department of Motor Vehicle code Title 56 and the application of criminal codes on the Plaintiff(s).

*Id.* at 7-8.  The complaint then presents twelve (12) pages of "legal authority" in which statutes and case law are recited.  *Id*. at 8-20.  The complaint concludes that the "Federal Government does not have 'Authority' to regulate 'Private non-Commercial Travel,'" "Private non-commercial Automobiles," and "force the 'Registration of Consumer Goods,'" therefore the State of South Carolina does not have that authority.  *Id.* at 21.  Plaintiff seeks injunctive relief, including "directing defendants to put a Notation in all South Carolina Departments...stating: Plaintiffs do not come under the jurisdiction of 'South Carolina Department of Motor Vehicles' or any other 'State Department of Motor Vehicles.'" *Id*. at 23.  He also requests monetary damages.

The complaint also includes Plaintiff's affidavit attesting to his knowledge of various

federal laws, his interpretation of the application of those laws to himself and his automobile, and his lack of intent to "intentionally break any lawful law against THE STATE OF SOUTH CAROLINA." ECF No. 1 at 24-5. Plaintiff's affidavit concludes by disavowing any desire to "contract" or "do business with the Corporation Known as THE STATE OF SOUTH CAROLINA or any 'branch or subsidiary thereof,'" more specifically he "no longer want[s] to do business with the corporation known as the JUDICIARY COURTS OF THE STATE OF SOUTH CAROLINA." *Id*. at 26.

On April 26, 2011, Plaintiff filed several documents construed to be an amended complaint. ECF No. 8. Plaintiff filed documents titled "motions" concerning his status as "*sui juris*," and "addendums" to section IV and VII of his complaint, including an "Addendum as a Legal Determination." *Id.* The documents were filed within the time allowed for filing an amended complaint under Rule 15, so court approval, through motion, was not necessary to amend his pleadings. *See* Fed. R. Civ. P. 15. The amended complaint includes allegations that Defendant Donahue refused to give his full name to Plaintiff, and "illegally confiscated" Plaintiff's medication. ECF No. 8-1 at 1. The amended complaint also seeks additional injunctive relief in the form of Defendant Donahue's termination of employment, and a letter of apology, as well as explanation to Plaintiff's employers concerning Plaintiff's termination. ECF No. 8-2 at 1. The "Addendum as a Legal Determination" is construed as amending the complaint to seek declaratory relief. ECF No. 8-3.

## Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action

5

under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's complaint is reviewed to consider if Plaintiff has sufficiently pled his claim against the Defendants. "While § 1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts,' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989) (citations omitted). The complaint in this case, although not "wholly devoid of facts," contains no specific facts to support the legal claims. The Supreme Court states that the complaint need not assert "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but the complaint must contain sufficient factual matter to state a claim that is plausible on its face.[2]  *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129

---

[2] Although the *Ravene*, *Twombly* and *Iqbal* courts addressed pleading standards in the procedural context of a Rule 12(b)(6) motion, the same standards apply in the court's initial screening of a complaint pursuant to 28 U.S.C. § 1915(e)(2), which permits *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted -

S.Ct. 1937, 1949 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (pleading standards). The *Iqbal* court explained:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555-56. The complaint's factual allegations state Plaintiff was "illegally detained," "arrested" and "imprisoned" for "exercising his God given right to Travel in his non commercial private automobile." *Id.* at 5. No facts concerning the actual actions of any Defendant(s) to detain, arrest or imprison Plaintiff are alleged in the complaint. The only specific factual allegations are made in the amended complaint against Defendant Donahue, which are addressed below. The complaint's bare factual assertions do not meet the required pleading standards, and therefore the complaint fails to state a claim for relief pursuant to 42 U.S.C. § 1983.

The amended complaint contains specific factual allegations against Defendant Donahue that state he refused to give his full name to Plaintiff, and he "illegally confiscated" Plaintiff's medication. Even accepting the allegations as true, they fail to state a cognizable claim under § 1983. Defendant Donahue's refusal to provide a full name does not violate a federal right. The seizure of property by a person acting under color of state law, while implicating a protected federal right, is not actionable under § 1983 in this case. The amended complaint claims *illegal* confiscation of property by Defendant

---

essentially the same standard found in Rule 12(b)(6).

Donahue, presumably acting under color of state law, but without authorization. An intentional deprivation of property by a person acting under color of state law, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517 (1984). The Fourth Circuit has determined that an adequate state remedy exists in South Carolina. In South Carolina, plaintiffs may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) ("State officials are not immune from liability for ministerial acts performed contrary to their duties."). A state remedy exists, which provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* So, even if the amended complaint is liberally construed as claiming violation of the Due Process Clause by Defendant Donahue, Plaintiff has failed to present a cognizable claim to this Court.

Even if the Court liberally construed the factual allegations of the pleadings to infer that the law enforcement officers named as Defendants were involved in arresting and detaining Plaintiff, the legal claims as presented in the pleadings are not cognizable. Plaintiff's claim that his detention was illegal and unconstitutional appears to be based on his legal argument that the Supremacy Clause and the application of several federal statutes strip the state of any authority to lawfully regulate Plaintiff's use of his "non commercial private automobile." ECF No. 1 at 5. Plaintiff, in part, seeks an order "directing defendants to put a Notation in all South Carolina Departments...stating: Plaintiffs do not come under the jurisdiction of 'South Carolina Department of Motor Vehicles' or any other 'State Department of Motor Vehicles.'" *Id.* at 23. Plaintiff's affidavit disavowing any

desire to "contract" or "do business with the Corporation Known as THE STATE OF SOUTH CAROLINA or any 'branch or subsidiary thereof," also points to the fact that Plaintiff is seeking to challenge the jurisdiction and authority of the state to apply state motor vehicle laws to Plaintiff. *Id*. at 26. "South Carolina undoubtedly has a strong interest in regulating the vehicles on its roadways," and has authority to legislate and apply state motor vehicle laws. *Johnson v. County of Horry, South Carolina*, 360 Fed.Appx. 466, 471, 2010 WL 55542, *4 (4th Cir. Jan. 5, 2010); *see also South Carolina State Highway Department v. Barnwell Bros.*, 303 U.S. 177 (1938) (safe and convenient use of state highways matter of state control); *Morris v. Duby*, 274 U.S. 135, 143 (1927) ("[T]he state may rightly prescribe uniform regulations adapted to promote safety upon its highways and the conservation of their use, applicable alike to vehicles moving in interstate commerce and those of its own citizens."). The legal arguments on which Plaintiff bases his allegation of illegal arrest and detention are frivolous, and do not state a claim upon which relief may be granted.

## **Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(failure to state a claim).

s/Jacquelyn D. Austin<br>United States Magistrate Judge

May 9, 2011
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).